[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12458
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20676-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE RASHOD CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

A jury found Terrence Rashod Clark guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Clark appeals his conviction, contending that the district court erroneously denied his motion to suppress the evidence of his crime, namely, a gun seized from his car during a traffic stop that led to his arrest.  He argues that the district court erred for two reasons:  (1) because the arresting detectives' testimony at his suppression hearing was not credible, and (2) because the warrantless search of his car was not a valid search incident to arrest under the Supreme Court's decision in Arizona v. Gant, 556 U.S. 332, 129 S. Ct. 1710 (2009).

I.

One evening in August 2013, Clark turned right on a red light without first coming to a complete stop, catching the attention of two detectives sitting in an unmarked police vehicle in the lane next to him.[1]  When the light turned green, the detectives drove up behind Clark's car and activated their car's lights and sirens.  Clark did not pull over at first but stopped at a gas station about eight or nine blocks away.  After Clark pulled over, both detectives exited their car; the first (Detective Michael Mendez) approached the driver's side of Clark's car while the second (Detective Franco Cugge) approached the passenger's side.  As they

---

[1] We construe the facts of this case in the light most favorable to the government, the prevailing party on Clark's motion to suppress.  See United States v. Steed, 548 F.3d 961, 966 (11th Cir. 2008).

2

approached, both detectives smelled the scent of marijuana wafting from Clark's car. Mendez also observed Clark leaning towards the passenger side of the car with his right arm extended. Based on the "strong odor of marijuana" and Clark's movements, Mendez decided to open the driver's side door. When he did, he saw a marijuana cigarette located in the "little cubby or hole" in the "armrest on the driver's side [of the] car." Mendez then decided to arrest Clark. In the course of handcuffing him, the detective "noticed a butt of a gun under [Clark's] seat."

After the detectives had secured Clark on the curb, Mendez returned to Clark's car and recovered the gun — which turned out to be loaded — and the marijuana cigarette. The detectives then requested backup, including an officer who could fingerprint Clark. The fingerprint check revealed that Clark was a convicted felon with a long criminal record. The detectives also called a special agent with the Bureau of Alcohol, Tobacco, and Firearms, who initiated a federal investigation of Clark's possession of the firearm. A later inventory search of Clark's car revealed a bag of marijuana and a digital scale.

Two weeks later, a federal grand jury charged Clark with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Clark pleaded not guilty and filed a pro se motion to dismiss the indictment. He also filed a counseled motion to suppress evidence of the gun. After holding a hearing, the district court denied both motions. At trial, Clark was convicted. The district

court sentenced him to the mandatory minimum sentence of 180 months.  This is

Clark's appeal.

## II.

A district court's denial of a defendant's motion to suppress presents mixed

questions of law and fact.  We review the district court's factual findings for clear

error and its application of the law to those facts de novo.  See United States v.

Farley, 607 F.3d 1294, 1325–26 (11th Cir. 2010).  In doing so, we construe the

facts in the light most favorable to the prevailing party, which in this case is the

government.  See United States v. Steed, 548 F.3d 961, 966 (11th Cir. 2008).  We

also defer to the district court's credibility determinations, unless the testimony

was "contrary to the laws of nature, or [was] so inconsistent or improbable on its

face that no reasonable factfinder could accept it."  United States v. Ramirez-

Chilel, 289 F.3d 744, 749 (11th Cir. 2002).

## A.

Clark argues that the district court erroneously denied his motion to suppress

because the testimony of the government's witnesses — the two arresting

detectives — was not credible.  He asserts that the detectives could not actually

smell the scent of marijuana from two or three feet away.  He also asserts that their

testimony was inconsistent with that of the ATF agent, who testified for the

defense at the suppression hearing.

Clark's argument fails.  The court did not clearly err in crediting the detectives' testimony that they could smell the scent of marijuana coming from Clark's car, especially given that both detectives had made numerous narcotics arrests involving marijuana over the course of their careers.  (Nine years for Mendez and ten for Cugge.)  Nor did the court clearly err in crediting the detectives' testimony despite some inconsistencies between their statements and those of the ATF agent.  Indeed, on cross-examination, the ATF agent reasonably explained that, although there were slight differences between her statements and those of Mendez,[2] those differences were due to the fact that she had formed her own account of the traffic stop's events based on how she had interpreted and paraphrased the detectives' briefing.  Because the district court did not clearly err, we are bound by its choice to credit the detectives' testimony.  See United States v. Aldridge, 719 F.2d 368, 371 (11th Cir. 1983) ("Absent clear error, the district court's credibility choices at suppression hearings are binding on this court.").

## B.

Clark also argues that the warrantless search of his car was not a valid search incident to arrest under the Supreme Court's decision in Gant.  See 556 U.S. at 343, 129 S. Ct. at 1719.  But the district court did not rely on that particular

---

[2] To accommodate the schedule of Detective Cugge, the district court held a two-day hearing on Clark's motion to suppress.  Mendez and the ATF agent testified on the first day, and Cugge testified the next day.

exception to the warrant requirement, and neither do we.  Instead, we conclude that the detectives lawfully searched Clark's car under the automobile exception.

Under that exception, a warrantless search of a car is constitutional if (1) the car is "readily mobile" (that is, operational), and (2) probable cause exists to believe that it contains contraband or evidence of a crime.  United States v. Lanzon, 639 F.3d 1293, 1299–1300 (11th Cir. 2011); see United States v. Watts, 329 F.3d 1282, 1286 (11th Cir. 2011).

The warrantless search of Clark's car fit squarely within the automobile exception because the car was operational and the detectives had probable cause to search it based on the smell of marijuana.  See United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991) (en banc) ("There is no doubt that the agent's suspicions rose to the level of probable cause when . . . he detected what he knew from his law enforcement experience to be the odor of marijuana."); United States v. Lueck, 678 F.2d 895, 903 (11th Cir. 1982) ("At the point marijuana was smelled by [the officer], probable cause to believe a crime had been committed . . . arose."). Because the detectives had probable cause to search Clark's car, they properly seized the gun.

In any event, Clark's challenge to the legality of the search in this case masks yet another attack on the detectives' credibility.  At the suppression hearing, Clark conceded that, if the court were to "take [the detectives] at their word," they

6

had probable cause to search his car based on the smell of marijuana.  Having

decided that the court did not clearly err in crediting the detectives' testimony, we

agree with Clark's assessment.  The warrantless search of Clark's car did not

violate his Fourth Amendment rights.

**AFFIRMED.**[3]

---

[3] Clark's <u>pro se</u> motion for substitution of appointed counsel is DENIED.